HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL E DOW, | CASE NO. C16-5235-RBL |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS |
| v. | |
| BANK OF AMERICA CORPORATION, et al., | [DKT. #6] |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff Daniel Dow's Motion for Leave to Proceed *in forma pauperis*, supported by his proposed First Amended Complaint. [Dkt. #6]. Dow has satisfied the financial prerequisites for such status.

The case apparently relates to Dow's mortgage. He sued Bank of America and his loan servicer, and he states that Bank of America did not "loan" him "money." He also "DEMANDS" a variety of information from Defendant Quality Loan or Defendant Seterus, related to "whom they represent," and accusing them of participating in a Ponzi scheme and "fraudclosures." Finally, he seeks a Court Order compelling the defendants to produce the

***ORIGINAL PROMISSORY NOTE (IE, MY BLUE INK WET SIGNATURE)***

ORDER DENYING MOTION FOR LEAVE TO
PROCEED IN FORMA PAUPERIS - 1

[Dkt. #6-1 at 3].

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

As pled, Dow's complaint does not meet this standard, no matter how liberally it is read. First, it does not identify the basis for this Court's jurisdiction over the case or the defendants. It does not identify any statute or law that he claims some defendant violated, or how, or when, or claim that he was injured as a result, or articulate the relief that he seeks form this court. Indeed,

it does not actually allege anything; it asks questions and demands answers.  These are not actionable claims.

There are documents attached to the filings that suggest that there is no pending foreclosure or other dispute over the mortgage. Dow has not alleged facts supporting a plausible claim for relief. For these reasons, Dow's motion for leave to proceed *in forma pauperis* is **DENIED**. He must pay the filing fee or file an amended complaint addressing these deficiencies **within 30 days** or this case will be dismissed.  Any amended complaint must describe the court's jurisdiction over the controversy and the defendants, and address the "who what when where and why" of the claims. It must describe the claims and the basis for them, and articulate facts supporting a claim to relief.

The Court cautions Mr. Dow that his demand for a "blue ink signature promissory note" is not actionable. Courts in this district have routinely rejected "show-me-the-note" claims.  *See, e.g.*, *Mikhay v. Bank of Am., NA.,* 2011 WL 167064, *2–*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. 2011); *Pelzel v. First Saving Bank Northwest,* 2010 WL 3814285, at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. 2010).  Indeed, the Washington Deed of Trust Act requires that a foreclosing lender demonstrate its ownership of the underlying note to the trustee, not to the borrower.  RCW 61.24.030(7).

Finally, Dow filed two checks, apparently as "an authorized deposit of funds in this court."  The reason for this filing is not stated, or ascertainable. The Court will not accept the deposit in this context, and any Motion to that effect is DENIED.  If this request is renewed in an

1 amended complaint, the purpose for the deposit and the authority for making it must be clearly
2 articulated.
3       The Motion for Leave to Proceed *in forma pauperis* is DENIED.
4       IT IS SO ORDERED.
5       Dated this 22nd day of April, 2016.
6
7                                              /s/ Ronald B. Leighton
8                                              Ronald B. Leighton
                                                 United States District Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24